IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FIRST UNITED METHODIST
CHURCH OF CORINTH, INC.                                             PLAINTIFF

v.                                       CIVIL ACTION NO. 1:19-cv-00120-GHD-RP

CERTAIN UNDERWRITERS AT LLOYDS
SUBSCRIBING TO POLICY NO. PG197716;
et al.                                                              DEFENDANTS

## **MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DENYING PLAINTIFF'S MOTION TO REMAND**

Presently before the Court is the Plaintiff's motion to remand [11] and the Defendants' motion to compel arbitration [4]. Upon due consideration, the Court finds that the Defendants' motion should be granted and the Plaintiff's motion should be denied. The Plaintiff's claims shall be compelled to arbitration.

### *Factual and Procedural Background*

On March 13, 2016, the Plaintiff First United Methodist Church of Corinth, Inc. ("Plaintiff" or "Methodist") suffered a fire that damaged the church's facilities, including its fellowship hall and sanctuary. Pl.'s State Court Complaint ("Compl.") [2] at p. 1. The Defendants insured the Plaintiff's subject property under a policy of insurance ("the policy") that was issued on December 18, 2015. Policy [11-1]. The Plaintiff submitted a claim under the policy and the Defendants began adjusting the claim and paying benefits. At some point, a dispute between the parties arose regarding the claim and amount of benefits, largely related to building code requirements imposed by the City of Corinth. The Plaintiff then, on March 8, 2019, filed this suit against the Defendants in the Circuit of Alcorn County, asserting two causes of action: (1) breach of contract; and (2) bad

1

faith claims in handling and refusal to pay. Compl. [2] at pp. 8-10. The Defendants, who assert that this matter is subject to arbitration, then removed the case to this court pursuant to 9 U.S.C. § 205, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), on June 14, 2019.[1] Notice of Removal [1]. The Defendants then filed a motion to compel arbitration, and the Plaintiff filed a motion to remand this matter to state court.

## *Analysis and Discussion*

The Plaintiff moves to remand this matter to state court based upon its assertion that this matter is not subject to arbitration. Given that the sole basis for removal was the Defendants' assertion that this matter is subject to arbitration, and that the Convention thus permits this matter to be removed to federal court, the question of arbitrability is decisive. Notice of Removal [1]. In other words, the sole question before the court is whether this action is arbitrable – if it is, then the Defendants' removal under the Convention is permissible and the Plaintiff will be compelled to arbitrate its claims; if it is not, then remand to state court is required.

The Defendants assert that this matter is arbitrable based upon an arbitration clause contained within the policy that provides "[i]f the Insured and the Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall ... appoint a competent and disinterested arbitrator ..." Policy [11-1, at pp. 00316-7]. In response, the Plaintiff notes that the policy also provides, in the Choice of Law provision, that "[t]his Policy shall be subject to the

---

1 The Convention, which governs arbitration provisions involving foreign entities or commerce, provides, in 9 U.S.C. § 205, that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement...the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205. The Defendant Underwriters are foreign insurance companies that are organized in other countries, including England, and are not American citizens. Compl. [2] at p. 3, ¶¶ 2-3; Docs. 4-1, 4-2, 4-3, 4-4.

2

applicable state law to be determined by the court of competent jurisdiction..." [Id. at p. 00317]. In addition, the Plaintiff notes that the policy provides, in the Cover Note, that "[t]he courts of USA shall have exclusive jurisdiction to adjudicate any dispute." [Id. at p. 00269]. That same clause further provides that "this insurance shall be governed by and construed in accordance with the laws of: Mississippi."[2] [Id.]

The Fifth Circuit has made clear that, under the Convention, courts conduct a limited inquiry to determine if arbitration must be compelled. *Freudensprung v. Offshore Tech. Serv., Inc.*, 379 F.3d 327, 338-39 (5th Cir. 2004). The steps in this analysis are: (1) whether there is a written agreement to arbitrate the matter; (2) whether the agreement provides for arbitration in a Convention signatory nation; (3) whether the agreement arises out of a commercial legal relationship; and (4) whether a party to the agreement is not an American citizen. *Id.*

Here, the first step of the analysis is decisive; the remaining three factors are undisputed.[3] In essence, there are two competing clauses within the policy. First, the arbitration clause applies if the parties "fail to agree in whole or in part regarding any aspect of th[e] policy," in which case the parties are then required to submit the dispute to arbitration. [Doc. No. 11-1 at p. 00316].

---

2     The Cover Note is clearly intended to be a part of the Policy and the court shall construe it as such. See *Insurance Co. of N. Am. v. Aberdeen Ins. Servs., Inc.*, 253 F.3d 878 (5th Cir. 2001); *Taylor v. Lloyd's Underwriters of London*, No. 90-1403, 1994 WL 118303, at *8, n.9 (E.D. La. Mar. 25, 1994) ("It is clear that a 'Cover Note' is considered part of an insurance contract and is evidence of the extent of the coverage provided under the contract, in the same manner as an 'endorsement' is part of the contract.").

3     The parties do not dispute that the policy provides for arbitration in a signatory nation, in this instance the United States. [Doc. 11-1 at pp. 00316-8]. The parties likewise do not dispute that the Defendant Underwriters are not American citizens, and thus the Convention's requirement that one or more of the parties not be American citizens is met. Finally, the parties do not dispute that the policy arises out of a commercial legal relationship – the Fifth Circuit has in any event held that insurance policies, such as the parties' policy at issue, involve commercial legal relationships and as such are subject to the Convention. *McDonnel Group, L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427 (5th Cir. 2019); *Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 376 (5th Cir. 2006); *McDougle v. Kemper Corp. Serv. Inc.*, No. 3:17-cv-231, 2017 WL 2370002, at *2 (S.D. Miss. May 31, 2017).

Contrarily, the Choice of Law & Jurisdiction clause in the Cover Note states "[t]he courts of USA shall have exclusive jurisdiction to adjudicate any dispute." [Doc. No. 11-1 at p. 00269].

In addition, and crucially, the policy contains a Service of Suit provision that provides the key to understanding the competing provisions. [Doc. No. 11-1 at p. 00316]. This provision provides direction for the service of process in the event litigation occurs but makes clear that it "will not be read to conflict with or override the obligations of the parties to arbitrate their disputes as provided for in any Arbitration clause within this Policy" and that it solely "is intended as an aid to compelling arbitration or enforcing such arbitral award, not as an alternative to such Arbitration clause for resolving disputes arising out of this contract of insurance." [*Id.*]. The court finds that this clause makes clear the policy's and the parties' intent that disputes between the parties should be first submitted to arbitration and that resort to litigation is contemplated solely for the purposes of compelling arbitration or in the event that disputes arise regarding the enforcement of any arbitral award.

Based on the foregoing policy language and the nature of the Plaintiff's claims, the court finds that the parties agreed to arbitrate the present dispute. The Plaintiff's claims in this litigation are clearly based on "aspects of the policy" and are thus covered by the policy's arbitration clause – the breach of contract claim, by its very nature, necessarily and inescapably demonstrates that the parties have failed to agree on various aspects of the policy; the bad faith claim likewise can only be based on "aspects" of the policy. Specifically, with respect to the breach of contract claim, the Plaintiff alleges in the complaint that the Defendants "breached the policy in numerous ways," "failed to properly and adequately investigate and adjust [the Plaintiff's] loss in accordance with the Policy," and "failed to pay for the coverage that [the Plaintiff] was entitled to receive

4

under the Policy," thereby clearly basing that claim on various aspects of the policy. Compl. [2], at p. 8, ¶¶ 36, 37, 39. Likewise, in its allegations regarding the claim for bad faith, the Plaintiff alleges that the Defendants "fail[ed] to follow terms of the Policy" and that the Defendants' conduct "constitute[s] a bad faith breach of the Policy." Compl. [2], at p. 10, ¶¶ 50, 53. Finally, the Plaintiff prays for "judgment awarding [the Plaintiff] all amounts owed under the Policy," further making clear that this dispute concerns various aspects of the policy, which are covered by the policy's arbitration clause. Compl. [2], at p. 10, ¶ 1 of Prayer for Relief. Accordingly, the court finds that a valid enforceable arbitration provision exists, and that the Plaintiff is therefore compelled to arbitrate its claims in accordance with the procedure set forth in the policy.

The court further finds that the Plaintiff's claims should be dismissed without prejudice. The Fifth Circuit has ruled that if all of the issues raised in a district court are compelled to arbitration, dismissal of the case is proper. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992) (holding that retaining jurisdiction and staying an action "serve[s] no purpose" when all issues in the case are arbitrable); *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999). As was the case in *Alford*, all of the Plaintiff's claims in this case are arbitrable. As such, the Plaintiff's claims shall be dismissed without prejudice.

## Conclusion

For the foregoing reasons, the Court finds that the parties have agreed to arbitrate the Plaintiff's claims and that the arbitration clause contained in the parties' policy of insurance requires that the Plaintiff's claims be submitted to arbitration. The Defendants' motion to compel arbitration [4] is therefore granted and the Plaintiff's pending claims are hereby referred to arbitration. The Plaintiff's motion to remand [11] shall be denied.

An order in accordance with this opinion shall issue this day.

THIS, the 4th day of September, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE